## CLARK v. JUSTI et al.

(Circuit Court, N. D. Illinois, N. D. March 3, 1900.)

### No. 25,014.

PATENTS—INVENTION—DENTAL SPITTOON.

    The Hurlbut reissued patent, No. 11,696 (original No. 563,664), for improvements in dental spittoons, construed as to the first four claims, and *held* not anticipated, and valid as disclosing patentable invention.

In Equity. Suit for infringement of a patent. On final hearing.

Coburn, Hibben & McElroy, for complainant.
Chapin Denny, for defendants.

KOHLSAAT, District Judge. This action is brought by complainant against defendants for the alleged infringement of the first four claims of reissued letters patent No. 11,696, dated September 27, 1898, for "improvements in dental spittoons." The said four claims are identical with the same numbered claims of the original patent. No. 563,664, dated July 7, 1896. Some point is made as to the validity of the reissue. The claims sued on are identical with the same numbered claims of the original patent, and defendant insists that the suit should be upon the original patent, for the reason that the broadened claims of the reissue are invalid. I do not deem this point well taken. Defendants admitted at the hearing that, if the claims in suit were valid, their device was an infringement; but they insist that said claims are invalid, as being merely an aggregation of prior well-known elements. Therefore the inquiry herein is limited to said question of validity. The said four claims read as follows:

(1) "In a spittoon, an inner and an outer bowl, the inner bowl being revoluble; and a water injector adapted to direct a jet of water against said

revoluble bowl to revolve the same." (2) "A dental spittoon having an outer and an inner bowl, the inner bowl being revoluble within the outer bowl; a water injector adapted to throw a stream of water against the inner surface of the inner bowl; and an adjustable fixture carrying the injector, by which it is made removable from the inner bowl." (3) "In a dental spittoon, an inner bowl and an outer bowl, the inner bowl being revoluble; a water injector, held to direct water against the inner surface of the inner bowl to revolve the same; and a fixture which holds the water injector, the water injector being adjustable in the fixture to change the direction of the stream which it directs against the revoluble bowl to modify the speed of the revolution of the bowl." (4) "In a dental spittoon, an outer and an inner bowl, the inner bowl being revoluble in the outer bowl; the water injector for directing the stream of water against the surface of the inner bowl to revolve the same; and a removable cap, placed over the upper edges of the two bowls, secured to the outer bowl."

The object or result sought by the said device is a flushing veil or sheet of running water completely covering the inner surface of the inner bowl, obtained from a minimum supply of water, for the twofold purpose of keeping said surface clean, and to promptly carry downward to the discharge pipe such mucus and other substance as may be projected therein; the bowl being intended principally for use by dentists. The patent is essentially for a combination. The elements are: (1) An outer bowl; (2) an inner revoluble bowl; (3) an adjustable water injector; and (4) an annular cap or rim attached to the outer bowl, and bridging the space between the bowls. The jet of water from the injector is forced against the inner surface of the inner bowl obliquely, causing it to rotate, whereby, through the combination of the centrifugal force caused by the jet of water so applied, and the force of gravity acting upon the water, a flushing veil or sheet of running water completely covers the inner surface of the bowl; the inner bowl being, by a nicely adjusted mechanism, made to revolve without material friction upon a pin-point bearing, thus enabling a very slight and gentle jet of water to give the bowl the speed required to carry the water a considerable distance around the bowl before it yields to the force of gravity, and reaches the outlet. The annular rim is added for the purpose of preventing overflow over the edge of the outer bowl, the space between the two bowls carrying off any overflow, and at the same time serving as a passage for escape of air from the waste pipe, thereby avoiding any unpleasant noise. The whole, in combined operation, constitutes an approximately perfect spittoon for the purposes desired. Defendants insist that each one of the elements of said combination is old, and that the whole constitutes nothing more than intelligent aggregation. In support of this contention, various so-called "anticipating devices" are shown, but the defense is rested mainly upon the Bardsley rotary fluid motor, covered by letters patent No. 509,644, issued November 28, 1893, in combination with the S. S. White dental spittoon. The Bardsley motor consists of a revoluble flat disk with a flanged edge, rotated by a jet of water directed against said disk near the flange. This motor has been applied exclusively to the purpose of generating power, and has never been applied in this or any kindred art prior to the use by Hurlbut. The White spittoon consists of an ordinary

standard bowl, the inner surface of which is supplied with water from a central rotating water distributor in the nature of a Barker mill or lawn sprinkler. Various other devices are shown, in which water is supplied to an ordinary dental spittoon bowl by means of an annular perforated or open ring extending around the upper perimeter of the bowl, and also by central distributors, but there are none which contain the principles shown in combination in complainant's device. To my mind, the application of the principle suggested by the Bardsley motor to a revoluble inner bowl of a dental spittoon, whereby a very slight and gentle jet of water would suffice to form a complete flushing veil of water over the entire inner surface of the inner bowl,—the idea of generation of power being practically absent,—was a distinct advance, and constituted invention of such a character as to entitle its originator to the protection of the patent laws. But, even if this were not so, the selection of a principle from an entirely distinct art, and applying it with such beneficial results as follow from its operation in combination with the old spittoon devices in evidence herein, certainly produced a novel and patentable combination, and not merely an aggregation, as insisted by defendants. The prayer of the bill is granted, and a decree may be prepared accordingly.